Good morning. If I could reserve three minutes for rebuttal, that would be great. Thank you. May it please the court, I'm Tina Schneider. I'm here representing the defendant Alfredo Gonzalez. Mr. Gonzalez was convicted after a jury trial of conspiracy to distribute heroin and was given an enhanced mandatory minimum sentence of 20 years. I'd like to start out with the sentencing issue. Before trial, the government filed an 851 information alleging that my client had a 1997 conviction out of which he was found guilty. However, after conviction and before sentencing, the court never met the requirements of 851B. That is, the court never inquired of the defendant whether he admitted or denied the prior conviction. And your client did not raise that issue, is that not correct? He did not raise that issue himself. And so we're looking at plain error review? Well, a couple of things here. Although the court's precedent says plain error review applies in this circumstance, I believe the court should really apply harmless error review instead for two reasons. Well, first of all, do we have the power to do that? Yes, because I believe that in light of non-binding authority that's happened since the court's decision saying plain error applies, there's reason to believe that the panel would change its collective mind and say no, harmless error is the test here. It's really absurd to require someone to object to the court's failure to inform him of his right to object. It's hard to even picture what that would look like. Your Honor, I object to your failure to tell me I can't object. It presupposes that the defendant has the knowledge that the statute is aimed at giving him and making sure he gets. It discounts the court's duty to advise the defendant by obliging the defendant to advise the court. Another reason that harmless error is appropriate here is you can't overstate the consequences to a defendant. It's double the mandatory minimum sentence. The statute is structured in light of those significant consequences to make sure the defendant knows of his right to challenge the prior and the consequences of not challenging the prior. For all those reasons, we think harmless error review should apply here, but even if this court applies plain error review, the case should be remanded for resentencing. So the court never asked the defendant whether he admitted or denied his prior conviction. Your client has never raised that issue in any place, however, even here, except in oral arguments you're now raising the issue. Well, we raised the issue in our briefs, but also I'm in a bind here because the court didn't do what it was required to do under 851. So as a result, there's nothing in the record that would show whether or not he would have challenged the prior conviction. I will tell you that if he had had the opportunity to challenge the prior conviction, he would have challenged the prior conviction. On what basis? On two bases. First, that it was not him that was convicted, as set forth in the information. And secondly, that as a legal matter, that conviction didn't meet the definition of felony drug offense. And there's nothing in the record... Is there anything in the record that indicates that the defendant, at any point before you've just said it now, contested that he was the person named in this document? He was never given the opportunity. He certainly was given the opportunity. I mean, you filed an opening brief in this case. But this court has told us over and over, we're only allowed to rely on what's in the record before the district court. And because the district court did not engage in the required 851 colloquy, there isn't anything in the record. Well, if there's nothing in the record, it strikes me that a fortiori, there's no basis on which we can say that the error was not harmless. But then you're never going to have... No, there may be a 2255 here. Here's the thing. I find it sort of hard to believe that given the fact that he was facing this, that if he believed that it was someone else, that that wouldn't have been raised below. It's very difficult to understand why that would have happened. Okay, one reason that could have happened is there was a prior proceeding in this case at which the judge asked the government to explain in terms understandable to the defendant the effect that filing an 851 would have. And the prosecutor said that filing the 851 information would have the effect of doubling the mandatory minimum. And the court said that as its legal assessment was that defendant's prior was countable. So the defendant at that point could have well had the understanding that he could not challenge the 851. I see how the logic of that might apply to the second basis for challenging, which is whether it qualifies or not. But certainly if he's standing there saying what crime, I was never convicted of that crime. Under any scenario, as soon as he mentions that, he would say, Your Honor, whether that prior qualifies or not, it wasn't my prior. Except the law is structured so the judge has an obligation to specifically ask whether the defendant admits or denies it. Sure, sure. But we're trying to get at the harmless error. And your second grounds, I think we could assess if we were to agree that it wasn't a qualifying offense, then under either test you might prevail, plain error or harmless error. But this first one seems very odd because it's purely black and white. And we do have a procedure in certain sentencing cases for filing, for example, Shepard documents with us on appeal for the first time. I would think you would be able to file with us records from the state court showing it wasn't him. Over and over, this court has said the only evidence that it will consider is evidence that was before the district court when the district court did the complaint about that. Actually, that's not accurate. We have a number of opinions precisely in the sentencing context where we ask counsel to point out on appeal what it is they would have filed regarding a prior conviction. Well, the only document that I was able to obtain, which is not in the record, was something called the case summary from the New Hampshire court. And the spelling of the defendant's name is different. There is a discrepancy. It's not the same spelling as in this case. So certainly there's a basis on that would form a basis for challenging the prior, that there is this discrepancy. But even putting that aside, a defendant is allowed to put the government to its proof and say, prove it was me. And the government is required to prove that beyond a reasonable doubt. It's like saying, well, you can't really plead not guilty if you did the crime. No, you're entitled to put the government to its proof. And the effect of this, of what happened here, was that it added another 10 years to the mandatory minimum. I mean, it can't be overstated how significant this was to him. What about his counsel? The statute recognizes that it's not going to leave to counsel. No, forget about the 851 issue. Pretend there's no 851 in the statute, but there's a PSR and there's a prosecutor talking about some prior conviction that your client was never convicted of. I'm having a lot of difficulty understanding as a practical matter how mention of that would never be, like, first on the lips of counsel and the client, even if there was no 851. I mean, I'm sympathetic to the 851D claim, but on this type of issue, how could it not get mentioned? Well, I mean, the record is silent why it wasn't mentioned. There is a discussion at the beginning of the sentencing hearing about whether the PSR was reviewed with my client and translated for my client. And the record reflects it was not translated for my client. That is, counsel felt comfortable enough discussing it with him in English. So it is possible. The record does reflect the defendant was entitled and did receive interpreter services, but those were not used in connection with, you know, explaining the PSR to him. Let me ask you this. If I were in your shoes and I had a client telling me I just got a lot of years in prison for an offense, it wasn't even me, that would really get my attention. And because, I mean, how often do you get something like that? Usually you're talking about the procedure, but if someone actually says it wasn't me, I would be out there gathering. It could be easily proven that it wasn't him. Forget about whose burden it is. I wouldn't worry about that. And wouldn't you be filing the stuff with us or with a 2255? I mean, it would be pretty high on the list of knockout punches that you would be delivering. Well, it's hard to figure out on the record why. I mean, the record doesn't reflect what counsel did or didn't do or why counsel did or didn't do it or what the defendant actually did. Somebody that's sentenced, your guy or not? Yes. And didn't someone go to prison? Yes. So isn't it pretty easy for your guy to show he wasn't in prison then? It's not on him to show it wasn't him. Well, only a lawyer runs around thinking about burden. If the client is completely innocent, I don't think you spend much time talking about burden. You put the picture of them before the court. But the question isn't whether he's completely innocent. It never is. Well, you're saying precise. I think, Ms. Schneider, I think you're saying that precisely on the issue of harm, whether under harmless error or under plain error of prejudice rule, you're saying precisely the issue is that he was not convicted of this crime. I am saying that the issue is that he was never informed by the court that he had the right to challenge the prior conviction. He was never asked by the court to admit this or deny it. And that's a really important right because it adds 10 years to his mandatory minimum. Sure. If everybody agrees with you, we're talking about harmless error or we're talking about prejudice. And I'm saying if the court wants to go beyond the record and look at documents from the New Hampshire court, it will show that the person convicted had a different spelling of his last name than my guy did. I'm happy to submit the document I have to the court, but it's not in the record below. Could you file with either court an affidavit under perjury from your fellow saying he wasn't convicted of that crime? Can I? Yes. I don't know, and that goes so far beyond what 851 contemplates. 851 contemplates, you get to say, government, prove it was me. Just start with the other question. You're asking us to send it back for a resentencing, in effect. Yes. And so we send it back for a resentencing, and don't we end up probably in exactly the same place if you can't do what Judge Kayada just suggested? You know, there's a difference between speculating that the government didn't cross every T, dot every I, which they perhaps should have done, and saying, what is the practical result of what you're asking us to do? Don't we end up right back here again? I don't believe so, because the practical result is he gets sent back for resentencing. The court asks him whether he affirms or denies the prior. If he denies it, the defense has to file a document with the court, and there is a hearing at which the government has to prove beyond a reasonable doubt it is him, and then that issue has gone away. Either the court finds, no, it's not him, or the court finds, yes, it is him. Thank you. You've reserved three minutes. Good morning. May it please the court, Seth A. Frank of the United States. So I'll continue on discussing, obviously, the A51 colloquy issue. So the first question that was raised is, what's the standard of review? And this court said in United States v. Carte, we review the failure to conduct an A51 colloquy for harmless error, where there's an objection for plain error in the absence of an objection. There was no objection here, so the standard is plain error. The argument made was that somehow because this is a duty on the court to tell someone something, that that changes the thinking. There are lots of areas of law where we know it's plain error in the same situation. Rule 11 comes to my mind. Rule 11 says a whole bunch of things that a judge has to say to a defendant at a change of plea. If the judge doesn't say them and the lawyer does not object, it's plain error on how to review. What your sister counsel said is that since we decided Corrick and Dickerson, that line of cases, that there has been persuasive authority to the contrary, which indicates that we would change our minds. Well, I'm not clear what that is. Neither am I. I thought you might enlighten us. Because to me it falls into a long line of cases with this basic theory that lawyers are supposed to, these are not about the defendant. It's about lawyers making objections. That's what the plain error line of cases is about. We expect lawyers to know the rights of the client. A51B is in the statute. Rule 11 is in the book of criminal rules. If the lawyer doesn't make the objection, plain error review. Is there 2255 release if the lawyer dropped the ball? Potentially, but that's not the direct appeal issue. The direct appeal issue is if you don't raise an objection, that is, the lawyer doesn't raise the objection to preserve the rights of the client, then on direct appeal it's plain error review. If that was a mistake by the lawyer, we deal with that later. That's how the system works. So I'm not aware of what special line of authority undermines current, which is 2012. But I think it makes sense and it's in line with all sorts of other rules we have where we know we apply plain error. So applying plain error at the third prong, I concede that there's an error, and I think I have to concede that it's a plain error in the sense that the statute says, Judge Robert Oro should have asked his defendant, were you convicted of the crime? So that brings us to the third prong. The defendant has to show an effect on their substantial rights. So the question we have to ask is, has that been shown? And the argument, so I thought the argument we were going to hear today is that there's a categorical approach argument that could have been raised, which I sort of heard said, but the focus was more on the defendant didn't do the crime, which makes sense that that would be the argument made today because that's what the colloquy is about. The colloquy isn't about is there a technical categorical approach argument that you could have made. That's not what the colloquy asks. The colloquy asks, did you commit the crime? And so I think intelligently, my colleague here is making the argument, well, if he were asked that question, he would have said, not me. It was some other guy because that's what the colloquy is about. So it's the burden of the defendant to make a plausible argument that if that question had been asked, he would have said, not me. And so what do we have in the record? Well, we have a PSR that assigned three criminal history points to this defendant for that crime. And he could have raised that question when the PSR came out. Absolutely. It's right there. It's in the PSR. It's in the record here. And it's at paragraph 40 of the PSR. He is assigned three criminal history points. That's significant. No claim made. That's not me. There's litigation in the case about the 851. So there's a telephone conference that was alluded to where the defendant is saying, old convictions shouldn't count towards an 851. That's not the law. In the years it's incontestable. Right. And under the guidelines, convictions over 15 years old don't count. That's not the rule for an 851. So the defendant is confused about what does and doesn't count. Judge Barbadaro in the telephone conference has the prosecutor explain how 851 works. So the issue of does this conviction count is clearly on the defendant's mind because he's thinking it's too old. He's not thinking, I didn't do it. He's thinking it's aged. So you could perhaps help me here. In that telephone conference with Judge Barbadaro, was the issue ever raised that I assume it was recorded in some fashion? Yeah, I believe it was a transcript. Was the issue ever raised that it's not me? No. The issue is it's too old. Just too old. And the lawyer is saying it's a status of counsel matter. And the lawyer is saying I told him that it doesn't matter how old it is for purposes of 851. That could matter in other parts of the sentencing, but not for the 851 enhancement. And the judge asked the prosecutor to explain on the record how it works. The judge then says to the defendant, that comports with my understanding to convince the defendant that his lawyer was not giving him bad advice. But clearly what it does show, which is significant to us right now, is the 851 is on the defendant's mind. His view is maybe I can get out of this because of the age of the conviction. Well, if he's thinking about the age of the conviction, he'd certainly be thinking about it's not me at all. That would certainly be logical. And then in the sentencing memorandum file, the 851 is challenged again on the grounds that it's vindictive that the government went ahead with an 851. So again, the 851, its validity is on the mind of counsel. So the burden is on the defendant, and the brief doesn't mention anything about this, it's not me. But we hear that here today for the first time, and there's really nothing here to make the burden on plain error. So that's the government's position, that the defendant gets past prongs one and two, but fails at prong three for the reasons that I've stated. There are no questions on that issue. I'm happy to move on to any of the others. The vagueness challenge is also subject to plain error review. I don't think that the Johnson line of cases controls. The Johnson line of cases deals with a statute that both required the court to determine what's the ordinary case and then determine how risky that case was. These sort of hypothetical exercises. That's not what felony drug offense under Section 841 requires. It's a categorical approach that has two questions. What's the actus reus of the crime? That is, what's the conduct that's prohibited? And does that relate to drugs? And those are questions that can be readily ascertained from the face of a statute. So this indeterminacy that is the focus of the Johnson line of cases just doesn't exist for felony drug offense under 841. And I'll turn, lastly, to the juror issue. The question is a question under the Juror Select Service Act. Judge Baradaro found that the defendant didn't timely raise the issue. The defendant was presented with a summary document of the juror questionnaire of the juror list that said the person had put their residence as Derry, New Hampshire. But they also were given the juror questionnaire, which had the underlying data, which also said that the person had been living in Massachusetts. So the evidence, the information, was available to the defendant to ascertain that this juror for the last year had been living in Massachusetts, which would make him not qualified under the Juror Selection Act. But the matter wasn't raised until after the time had expired for raising such a claim. There's no showing here of any particular bias or prejudice that this juror had. So one, it was untimely. And two, the prejudice that would need to be shown hasn't been shown. And that applies, I think, under the Sixth Amendment analysis as well. Only structural errors avoid harmless error review, even if they're constitutional errors. So to the extent this violates the Sixth Amendment and there was no finding that it did, it would still be a harmless error because there was no showing of prejudice. If the court doesn't have any further questions, I'm happy to rest on the brief. Thank you. There are a couple of reasons why this circumstance is different from the Rule 11 situation and in such a way that should lead the court to apply harmless error here. First, in this situation, if the court committed an error, it's relatively easy to correct. The defendant does not get a whole new trial. It's set back for resentencing. But that's true. But that's true with the Rule 11. If the objection's made timely, it can be corrected on the spot. That's what the two have in common. I understand that. But what I'm saying is that on appeal, the court should be more hesitant to recognize an error in the Rule 11 context because if there is an error, it would require a trial or vacating the guilty plea. Have we ever said or suggested that? Excuse me? That we're more hesitant to recognize Rule 11 errors than we are to recognize errors in sentencing? I think the court has discussed the fact that the plain error hurdle is more appropriate where the remedy for the error is greater, is more onerous. And the second reason that harmless error review would be appropriate here is that unlike the Rule 11 context, this isn't a situation where we're concerned a defendant is gaming the system. A defendant in the Rule 11 context could withhold an objection and see how things play out, and then if he didn't like the way they played out, he could point to the court's omission of one of the rights. Here, there is no benefit to a defendant from remaining silent. And so that is a significant difference between this and a Rule 11 situation. Counsel, you said there was persuasive authority that would release us from our obligation to follow Dickerson and Couric. What is that authority? Dickerson is a 2008 case. And Couric is a 2012 case. What's the authority? Well, there's Lopez, which is a Seventh Circuit case from 2018, but mostly I was looking at Brougham, which is a Sixth Circuit case cited in the brief, which postdates Dickerson. Doesn't postdate Couric. No, that's true. So your argument amounts to the fact that because there's language in a Seventh Circuit case that runs contrary to our precedents, this panel can avoid what two other panels have held. Yes. And I realize that's an uphill battle, but I think it's one worth fighting. Finally, there was no incentive here to challenge anything in the PSR. Neither side challenged anything in the PSR. The sentence was entirely driven by the mandatory minimum and not by anything in the PSR. He was challenging things in the PSR. That was the whole issue of the conference with the judge. He thought the offense that you tell us he wasn't convicted of was too old. No, that wasn't in the context of the PSR. That was before trial. Sure, but the issue was specific, as I understand it, the issue of whether he should be held accountable in sentencing for that conviction that he was never convicted of. He opposed on the grounds that it was too old a conviction. He believed that certain convictions couldn't be counted if they were above a certain age. That's correct. But again, he did not raise the issue you raise here. And it seems to me that he was smart enough to raise the issue, the age issue, which he didn't understand. And if it wasn't him, that would have been the obvious time to say, in addition to that, by the way, I didn't do that. Well, there was also a language barrier here. But you admit that he had expert help from interpreters who were qualified. Yes, but not when he was reviewing the PSR with his counsel. Thank you. Thank you.